687 A.2d 733

IN THE MATTER OF DAVID J. ORTOPAN,
AN ATTORNEY AT LAW.

January 29, 1997.

## ORDER

The Disciplinary Review Board on October 30, 1996, having filed with the Court its decision concluding that **DAVID J. ORTOPAN**

of **ASBURY PARK,** who was admitted to the bar of this State in 1977 and who thereafter was suspended from practice by Order of this Court dated February 13, 1996, and who remains suspended at this time, should be reprimanded for failing to exercise reasonable diligence in a matter, in violation of *RPC* 1.3, for failing to communicate with a client, in violation of *RPC* 1.4, for failure to deliver a client's file to the client or the client's new attorney, in violation of *RPC* 1.15 and 1.16(d), and for failing to cooperate with the disciplinary authorities, in violation of *RPC* 8.1(b);

And the Supreme Court having reviewed this matter on its own motion pursuant to *Rule* 1:20–16(b);

And the Court having concluded that the current misconduct when considered in light of respondent's ethical history, including the three-month suspension imposed by this Court on May 7, 1996, for conduct identical to that now before the Court, warrants an additional term of suspension;

And good cause appearing;

It is ORDERED that **DAVID J. ORTOPAN** is hereby suspended from the practice of law for a period of six months and until further Order of the Court, effective immediately; and it is further

ORDERED that no application for reinstatement to practice be considered without proof that respondent has (1) refunded the sum of $750 to David Crane as directed by the District IV Fee Arbitration Committee; (2) paid the sanction in the amount of $500 to the Disciplinary Oversight Committee as directed by the Disciplinary Review Board; and (3) successfully completed eight hours of courses in professional responsibility; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter;  and it is further

ORDERED that if respondent seeks relief from the Court's imposition of discipline greater than that determined by the Disciplinary Review Board, he shall do so by formal application filed within thirty days after the filing date of this Order.